## City of Louisville v. Pope, et al.

(Decided January 27, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch; First Division).

Taxation—Life Tenant—Remainderman.—After property has come into the hands of remaindermen it cannot be subjected to the payment of taxes that accrued against the life tenant more than five years before the institution of the action against the remaindermen to recover the tax.

HARRIS FLEMING and PENDLETON BECKLEY for appellant.

FURLONG, WOODBURY & FURLONG for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1888 the city of Louisville brought suit against P. H. Bland, trustee of E. H. Pope, and John D. Pope, the husband of E. H. Pope, to subject a lot of ground and improvements in the city to the payment of taxes due

for the years 1883 to 1887 inclusive. In 1894 the city instituted another action against the same parties, seeking to subject the same property to the payment of taxes alleged to be due for the years 1888 to 1894 inclusive. In 1899 another suit was instituted by the city against the same parties, seeking to subject the same property to the payment of taxes alleged to be due for the years 1895 to 1898 inclusive.

It seems that answers were filed in these several cases resisting the payment of the taxes, but no final order was made in the cases, nor was any judgment entered in any of them, and in 1901 they were consolidated. After the consolidation it does not appear that the defendants filed any other pleadings or made any other motions, except that in 1906 an answer pleading the statute of limitation was filed, although the city filed some amended pleadings.

In 1912 the city filed an amended petition and also a reply to the answer filed in 1906 and a reply to the answer filed in 1900, and thereupon the consolidated case, upon motion of the city, was submitted, and the chancellor dismissed the action, upon the ground as stated in the opinion, that the right of the city to recover the taxes was barred by its laches and by limitation.

Briefly, the city in this proceeding is seeking to recover taxes due on this property for the years 1883 to 1898 inclusive, upon suits that were filed in 1888 and 1894 and 1899, although the city, in all these years, did not attempt to prosecute these actions or any of them with any sort of diligence, or indeed at all, until 1912. No excuse whatever is assigned for this long and unreasonable delay.

It will be noticed that the suit in 1888 was brought against Bland as trustee of Mrs. Pope, and Mr. Pope, her husband, and it appears that previous to 1906 John D. Pope died, and that in 1906 Mrs. E. H. Pope, who was the owner of the life estate in the property, died, and upon her death it came into the ownership of Clarence T. Pope and George L. Pope, the appellees herein, who are entitled to the estate as remaindermen. It will thus be seen that the city in 1912 is seeking to subject to the payment of taxes for the years 1883 to 1898 the property of these remainderman when the tax in all of these years was due by the life tenants and could have been collected from them

if the city had prosecuted with any kind of diligence its actions.

ₑ We have written in several cases that no lapse of time will bar the collection of taxes when the title to property remains unchanged, but here the title to the property has changed. It has finally passed from the possession of life tenants into the hands of remaindermen, and it is now sought to charge the property in the hands of these remaindermen with all the taxes that should have been paid· by the life tenants. Taxing authorities should exercise diligence in the collection of taxes. This is demanded not only in the interest of the property owner but in the interest of the public, and so we have held that the five-year statute of limitation is applicable to suits to collect taxes, and we think this five-year statute should be applied in this case. It would be manifestly unjust, under the facts of this record, to permit the city to subject to the payment of these taxes the property of remaindermen when the last of 'the taxes sought to be collected were due and payable fifteen years ago. Nor should these remaindermen be burdened with the heavy costs that have been incurred by the city in these suits as would be the case if the city was permitted to proceed in these suits to recover any taxes due by the remaindermen.

If there are any taxes due and unpaid on this property by the remaindermen since it came into their possession, the city, of course, may bring a new suit for its recovery, but it cannot now subject it to the payment of any taxes due by the life tenants. After property has come into the hands of remaindermen it cannot be subjected to the payment of taxes that accrued against the life tenant more than five years before the institution of the action against the remaindermen to recover the tax.

Wherefore, the judgment is affirmed.