## City of Louisville v. Pope, et al.

(Decided November 10, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

Appeal—Imperfection of Record.—A petition for rehearing herein was granted, the judgment of affirmance was set aside, and the opinion found in 157 Ky., p. 144 was withdrawn. Upon a reconsideration of the record, it appears that the City of Louisville is seemingly entitled to recover some amount of taxes from the defendants, but how much the court cannot ascertain owing to the confused state of the record. The case is therefore remanded to permit amendment of pleadings.

HARRIS FLEMING and PENDLETON BECKLEY for appellant.

FURLONG, WOODBURY & FURLONG for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

This is a suit, or rather several suits, to enforce a lien on a piece of real estate in the city of Louisville, for taxes claimed to be due said city.

The first suit was filed January 29, 1888 against P. H. Bland, Trustee for E. H. Pope; E. H. Pope, and John D. Pope, her husband, covering taxes for the years 1886 and 1888.

There was a second suit filed on July 26, 1894, against these same parties for the taxes for the years 1889 to 1894, inclusive.

And on July 7, 1899, a third suit was filed against P. L. Bland, trustee, and Mrs. E. H. Pope, for the taxes for the years 1895 to 1898 inclusive.

In 1901 an amended petition was filed in one of these

suits making Clarence T. Pope and G. L. Pope, children of Mrs. E. H. Pope, parties defendant. There were various amendments filed to some of these original petitions during this time, and on September 16, 1912, a final amended petition was filed, again making Clarence T. Pope and G. L. Pope parties defendant.

In March 1900, two of these suits were consolidated; and on April 29, 1901, all three of the cases were consolidated.

There has been no transfer of the property involved since the institution of the first suit, except the purchase by Clarence T. Pope of his brother, G. L. Pope's interest, after the death of their mother in 1906.

On March 8, 1913, the action was submitted for trial, and the petition was dismissed by the court, the following opinion being rendered:

"By this action, the plaintiff seeks to recover taxes on a lot for the years 1886 to 1906, both inclusive. The steps show that the action was commenced June 29, 1888, nearly twenty-five years ago; that between that date and Sept. 23, 1892, when an answer was filed, the only steps taken were to set the case at rules twice, and in each instance to have it remanded. Nothing was then done for nearly eight years, when on March 24, 1900, an order was entered consolidating action No. 4904 with it. On April 22, 1901, certain steps were taken, and then the case rested until September 16, 1912, eleven years and five months, with no steps at all taken in it. It seems to the court that such laches in the prosecution of the action bars the plaintiff's right to a judgment, and the petition therefore will have to be dismissed."

On January 27, 1914, the judgment of the lower court dismissing appellant's action because of laches, was affirmed by this court. See 157 Ky., 144. On May 27, 1914, a re-hearing was granted, the opinion was withdrawn, and the judgment of affirmance was set aside.

Upon a reconsideration of the record, it appears that the city of Louisville may be entitled to a lien on the property in question for some amount, but there is such a confusion in the pleadings and in the statements of the plaintiff as to the title of the property, that it cannot be ascertained with any degree of certainty for what amount the plaintiff has such lien.

The judgment is therefore reversed, and the cause remanded with directions that the plaintiff be required

to file an amended or supplemental petition by way of substitute, in which it will present its demands against the defendants, in one pleading, in such form as to render definite and certain the items of its claim against the defendant or defendants, and on which the issues may be formed. Nickels v. Collins, 158 Ky., 117.

Reversed.